UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TYRONE GREEN, #196584,

        Petitioner,

v.                                        CASE NO. 2:07-CV-12194
                                          HONORABLE LAWRENCE P. ZATKOFF

KEN ROMANOWSKI,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Petitioner John Tyrone Green, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging two first-degree murder convictions which were imposed following a bench trial in the Wayne County Circuit Court. Petitioner was sentenced to life imprisonment without the possibility of parole on those convictions in 1993. Petitioner has previously filed a petition for a writ of habeas corpus in federal court challenging the same convictions. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *See Felker v. Turpin*, 518 U.S.

1

651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same convictions at issue in the instant petition, which was dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. *See Green v. Smith*, No. 99-CV-76269 (E.D. Mich. Aug. 15, 2000) (Friedman, J.). The court also denied a certificate of appealability, as did the United States Court of Appeals for the Sixth Circuit. *See Green v. Smith*, No. 00-2047 (6th Cir. Dec. 26, 2000). Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2007

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 6, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290